**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL SMITH,

        Plaintiff,

                                                Case Number: 06-CV-13154

v.

                                                HON. MARIANNE O. BATTANI

JANET DILLARD,

        Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED**
***IN FORMA PAUPERIS* AND DISMISSING COMPLAINT**

        This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915. The Court has reviewed Plaintiff's application and affidavit, and for the reasons that follow, the Court **GRANTS** Plaintiff's request to proceed *in forma pauperis* and **DISMISSES** the Complaint.

        The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The district court may authorize the commencement of a civil action without the prepayment of fees or costs by a person who submits an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The district court must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship. Prows v. Kastner, 842 F.2d 138, 140 (5th Cir.), cert. denied, 488 U.S. 941 (1988).

        Plaintiff's claim of indigence is supported by his application. Plaintiff's monthly

income is $552.00; he has no savings, no real estate, and no property or assets of value. See Application at 2, 3, 4. Based on his affidavit, the Court concludes that paying the filing fee is beyond Plaintiff's means. Consequently, the Court grants Plaintiff's application to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915.

Even when a plaintiff establishes indigence, the district court must screen the complaint as mandated by Congress in § 1915(e)(2). Specifically, the district court is obliged to dismiss a civil complaint if it "fail[s] to state a claim upon which relief may be granted." See 28 U.S.C. § 1915(e)(2)(B)(ii). Section 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
>   (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court is mindful that a *pro se* litigant's complaint is to be construed liberally, Jourdan v. Jabe, 951 F.2d 108, 100 (6th Cir. 1991), and is held to "less stringent standards" than a complaint drafted by counsel. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, such complaints still must plead facts sufficient to show a redressable legal wrong has been committed. Fed.R.Civ.P. 12(b); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716 (6th Cir.1996) (observing that the court is not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief); Dekoven v. Bell, 140 F.Supp.2d 748, 755 (E.D. Mich. 2001).

"A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements." Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir.1988). District courts are not required to conjure up legal theories or supply additional factual allegations because a plaintiff is pro se. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985). Imposing such a duty on the district court would "transform" it "from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id.

Even with a liberal reading of Plaintiff's Complaint, the Court can discern only that Plaintiff alleges that he spoke to Defendant and complained that he was being harassed by the Wayne Police Department, and that he was not permitted to file a complaint with the Department against the offending officers. Apparently Defendant met with Plaintiff and the Chief of Police to discuss Plaintiff's problem, and despite the Chief of Police's promise that Plaintiff would not suffer further harassment, it has continued. Plaintiff filed this suit because Defendant did not protect his rights. See Compl. at 2.

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting "under color of state law." See West v. Atkins, 487 U.S. 42, 48 (1988). Allegations of verbal harassment and abuse, however, fail to state a claim cognizable under 42 U.S.C. § 1983. See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997).

In sum, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**, and this action is **DISMISSED** under section 1915(e), for failure to state a claim for which relief can be granted.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: July 14, 2006

## CERTIFICATE OF SERVICE

A Copy of this Order was mailed to Michael Smith on this date by ordinary mail.

s/Bernadette M. Thebolt
Deputy Clerk

4